UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOROTHY L. HUMPHREY, #192812,

                Petitioner,

                                        CASE NO. 2:15-CV-12638
v.                                  HONORABLE NANCY G. EDMUNDS

ANTHONY STEWART,

                Respondent.

_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

      Michigan prisoner Dorothy L. Humphrey ("Petitioner") has filed a pro se petition for

a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging her state criminal

sentence.  Petitioner was convicted of second-degree murder, MICH. COMP. LAWS

§ 750.317, and child cruelty, MICH. COMP. LAWS § 750.136, following a bench trial in the

Wayne County Circuit Court.  She was sentenced to life imprisonment with the possibility

of parole on the murder conviction and two years eight months to four years imprisonment

on the child cruelty conviction in 1988.  Petitioner was discharged from the child cruelty

sentence in 1990 but remains in custody on the murder sentence.  *See* Petitioner's

Offender Profile, Michigan Offender Tracking Information System ("OTIS"),

http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=192812. In her habeas

pleadings, Petitioner asserts that the state trial court erred in denying her request for re-

sentencing because her life sentence is disproportionate and violates the Eighth

Amendment to the United States Constitution and the Michigan Constitution in light of new United States Supreme Court authority.

Promptly after the filing of a habeas petition, a federal district court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005). After undertaking the review required by Rule 4, the Court finds that Petitioner is not entitled to federal habeas relief because her sentencing claim is procedurally defaulted and lacks merit.

## II.  Facts and Procedural History

Petitioner's second-degree murder conviction and sentence arise from her conduct in causing the death of her three-year-old daughter in June, 1987. In response to a bed wetting incident, Petitioner put her daughter, clothing, and laundry detergent in a washing

2

2:15-cv-12638-NGE-PTM   Doc # 5   Filed 08/20/15   Pg 3 of 12   Pg ID 81

machine and ran it for 30 minutes. Petitioner brought her daughter to the hospital the next day and the child died the following morning. Medical examination revealed that the child had suffered bruising of various ages over her entire body and had been sexually molested. Pet. Mem., p. 2. Petitioner's parolable life sentence was within the applicable state sentencing guideline range. *Id.*

Following her convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals, which affirmed her convictions and sentences. *People v. Humphrey*, No. 110050 (Mich. Ct. App. Nov. 29, 1989). *Id.*[1]

In June, 2012, Petitioner filed a motion for relief from judgment and re-sentencing with the state trial court asserting that her sentence is disproportionate when considering the United States Supreme Court's decision in *Graham v. Florida*, 560 U.S. 48 (2010), in conjunction with Justice Kennedy's concurring opinion in *Harmelin v. Michigan*, 501 U.S. 957 (1991), such that it violates the Eighth Amendment. The state trial court denied relief under Michigan Court Rule 6.508(D)(3) finding that *Graham* and the Supreme Court's more recent decision in *Miller v. Alabama*, _ U.S. _, 132 S. Ct. 2455 (2012), do not apply to Petitioner because she was an adult offender who committed murder and was given a parolable life sentence. The court further noted that the *Graham* and *Miller* have not been held to be retroactively applicable to cases on collateral review. *People v. Humphrey*, No. 87-07583-FH (Wayne Co. Cir. Ct. Dec. 11, 2012). Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals which was denied pursuant to Michigan Court Rule 6.508(D). *People v. Humphrey*, No. 316909 (Mich. Ct. App. Dec. 27, 2013).

---

[1]Petitioner's pleadings do not indicate whether she appealed that decision to the Michigan Supreme Court.

Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied. *People v. Humphrey*, 496 Mich. 864, 849 N.W.2d 338 (2014).

Petitioner dated her federal habeas petition on June 6, 2015. She raises the following claim:

> The trial court erred in denying [her] resentencing in light of the United States Supreme Court holding in *Graham v. Florida* on constitutional proportionality analysis of a life sentence pursuant to *Harmelin v. Michigan* in violation of the U.S. Constitution Eighth Amendment and Mich Const 1963, Art I, §§ 17, 20.

Pet. Mem., p. 5.

## III.   Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his petition after the AEDPA's effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996). Additionally, a federal habeas court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

**IV.   Analysis**

Petitioner asserts that she is entitled to habeas relief and should be resentenced because her parolable life sentence is disproportionate and violates the Eighth Amendment of the United States Constitution and the Michigan Constitution. This claim, however, is subject to dismissal on procedural and substantive grounds.

Federal habeas relief is precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977). The doctrine of procedural default is applicable when a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "adequate and independent." *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2006); *see also Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005); *Coleman v. Mitchell*, 244 F.3d 533, 539 (6th Cir. 2001). The last explained state court judgment should be used to make this determination. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991). If the last state judgment is a silent or unexplained denial, it is presumed that the last reviewing court relied upon the last reasoned opinion. *Id.*

Petitioner first presented this claim to the state courts in her motion for relief from judgment. The Michigan Supreme Court denied relief pursuant to Michigan Court Rule 6.508(D), which provides, in part, that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. *See* MICH. CT. R. 6.508(D)(3). The United States Court of Appeals for the Sixth Circuit has held that the form order used by the Michigan Supreme Court to deny leave to appeal in this case is unexplained because its citation to Michigan Court Rule 6.508(D) is ambiguous as to whether it refers to a

procedural default or a rejection on the merits.  *See Guilmette v. Howes*, 624 F.3d 286, 291-92 (6th Cir. 2010) (en banc).  Consequently, under *Guilmette*, the Court must "look through" the unexplained order of the Michigan Supreme Court to the state trial court's decision to determine the basis for the denial of state post-conviction relief.

In this case, the state trial court denied relief on procedural grounds by ruling that Petitioner had not shown cause and prejudice under Michigan Court Rule 6.508(D)(3) to excuse her failure to previously raise the claim on direct appeal.  The state courts thus clearly relied upon a procedural default to deny Petitioner relief on collateral review. Accordingly, this claim is procedurally defaulted.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice.  *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996).

Assuming that Petitioner can establish cause to excuse her procedural default, *i.e.*, the Supreme Court had not issued the decisions upon which she relies at the time of her convictions, sentencing, and direct appeals, she cannot establish prejudice because her habeas claim lacks merit.  A sentence imposed within the statutory limits is generally not subject to federal habeas review.  *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Lucey*, 185 F. Supp. 2d at 745; *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). Claims which arise out of a state court's sentencing decision are normally not cognizable upon federal habeas review unless the petitioner can show that the sentence exceeds the

7

statutory limits or is wholly unauthorized by law. *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner's parolable life sentence for second-degree murder is within the statutory maximum of life imprisonment. MICH. COMP. LAWS § 750.317.

Petitioner is not entitled to relief on her claim that her parolable life sentence is disproportionate or constitutes cruel and unusual punishment under federal law. The United States Constitution and the Eighth Amendment do not require strict proportionality between a crime and its punishment. *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin*, 213 F.3d at 302 (internal citation omitted). Petitioner's parolable life sentence is within the statutory maximum for second-degree murder. The state trial court thus acted within its discretion in imposing her sentence and there is no extreme disparity between her crime and sentence so as to offend the Eighth Amendment.

Petitioner asserts that *Harmelin* must be reconsidered in light of *Graham v. Florida*, 560 U.S. 48 (2010), in which the Supreme Court ruled that a sentence of life imprisonment without the possibility of parole for a juvenile offender who commits a non-homicide offense is unconstitutional. In *Miller v. Alabama*, _ U.S. _, 132 S. Ct. 2455 (2012), the Supreme Court extended *Graham* and ruled that a sentence of life imprisonment without the possibility of parole for a juvenile offender who commits any offense, even murder, is unconstitutional. As explained by the state trial court, however, *Graham* and *Miller* are inapplicable to the case at hand. Both of those cases concerned juveniles who were sentenced to life without the possibility of parole. In this case, Petitioner was an adult at the time she committed the second-degree murder offense and she was sentenced to a

8

parolable life term.  Neither *Graham* nor *Miller* have been extended to adults offenders. *See, e.g., United States v. Graham*, 622 F.3d 445, 462 (6th Cir. 2010) (use of a juvenile-age conviction to enhance punishment for an adult-age offense to life without parole does not violate the Eighth Amendment, and *Graham* is inapposite because the defendant was an adult when he committed the crime for which he received a mandatory life term); *United States v. Shill*, 740 F.3d 1347, 1356-57 (9th Cir. 2014) (refusing to extend *Graham* or *Miller* to adult offender who was given a 10-year mandatory minimum sentence); *United States v. Farley*, 607 F.3d 1294, 1342 n. 34 (11th Cir. 2010) (stating that *Graham* did not affect the defendant's 30–year mandatory minimum sentence because he was an adult and *Graham* "did not undermine *Harmelin* insofar as adult offenders are concerned"); *Johnson v. Kerestes*, No. 13-3574, 2014 WL 1225682, (E.D. Pa. March 25, 2014) (adopting magistrate judge's report and ruling that *Miller* has not been extended to adults).  Those cases have also not been extended to parolable life sentences or term-of-years sentences.  *See, e.g., Bunch v. Smith*, 685 F.3d 546, 553 (6th Cir. 2012) (affirming denial of habeas relief and refusing to extend *Graham* and *Miller* to a juvenile offender who received consecutive fixed term sentences totaling 89 years in prison, but did not receive a non-parolable life sentence); *Hardy v. McKee*, No. 13-CV-13702, 2014 WL 2533161, *8-9 (E.D. Mich. June 5, 2014) (adopting magistrate judge's report, finding *Graham* and *Miller* inapplicable to juvenile who was given lengthy consecutive sentences for armed robbery and felony firearm, and denying habeas relief on sentencing proportionality claim); *Paredes v. Bergh*, No. 12-CV-13681, 2014 WL 82191, *2-3 (E.D. Mich. Jan. 9, 2014) (denying habeas relief on sentencing claim by juvenile who was convicted of second-degree murder and sentenced to a lengthy term of years).  Petitioner thus cannot establish

that the state court's denial of relief is either contrary to clearly established Supreme Court precedent or an unreasonable application thereof.  *See White v. Woodall*, _ U.S. _, 134 S. Ct. 1697, 1706 (2014) ("if a habeas court must extend a rationale before it can apply to the facts at hand, then by definition the rationale was not clearly-established at the time of the state court decision") (citation omitted).  Petitioner's claim that her parolable life sentence is disproportionate under federal law and violates the United States Constitution lacks merit.

Petitioner is also not entitled to habeas relief on any claim that her sentence is disproportionate under state law or violates the Michigan Constitution.  Such a claim is not cognizable upon habeas review because it is a state law claim.  *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000).  Habeas relief does not lie for perceived errors of state law.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  State courts are the final arbiters of state law and the federal courts will not intervene in such matters.  *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review"); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002).  Petitioner thus fails to state a claim upon which federal habeas relief may be granted as to this issue.

Lastly, Petitioner fails to demonstrate that a fundamental miscarriage of justice has occurred.  The miscarriage of justice exception requires a showing that a constitutional

violation probably resulted in the conviction of one who is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). To be credible, such a claim of actual innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Moreover, actual innocence means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner makes no such showing. Her sentencing claim is thus barred by procedural default, lacks merit, and does not warrant habeas relief.[2]

## V.    Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on her sentencing claim and her petition must be denied.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When a court denies relief on procedural grounds, a certificate of appealability

---

[2]The Court notes that the petition may also be time-barred under the one-year statute of limitations applicable to federal habeas petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d)(1).

should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack*, 529 U.S. at 484-85.

Having conducted the requisite review, the Court concludes that Petitioner fails to make a substantial showing of the denial of a constitutional right as to her habeas claim and that reasonable jurists could not debate the correctness of the Court's procedural ruling. A certificate of appealability is not warranted. Nor should Petitioner be granted leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. FED. R. APP. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed in forma pauperis on appeal is **DENIED**.


                                        s/ Nancy G. Edmunds
                                        NANCY G. EDMUNDS
                                        UNITED STATES DISTRICT JUDGE

Dated: August 20, 2015